Lewis Jubran, Esq. (DC Bar no. 1028219)
Abusharar and Associates
501 N. Brookhurst St. #202
Anaheim, CA 92801
Tel: 714-535-5600
Fax: 714-535-5605
Email: associate@abushararlaw.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| Nora Jehad Suleiman; Sati Akram Sati Awad, | Case No.: |
| 5926 West 87th Place Oak Lawn, IL   60453 | |
| Plaintiffs, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS |
| vs. | |
| **United States Department of State;** **Antony J. Blinken,** Secretary of State of the United States; **Ian G. Brownlee,** Assistant Secretary of State for Consular Affairs; **Wendy Ruth Sherman,** Deputy Secretary of State; **Catherine Barry,** Senior Advisor at U.S. Department of State; **Michael Ratney,** Charge d'Affaires of U.S. Embassy in Jerusalem, Israel; **United States Embassy in Jerusalem, Israel; Christine Parker,** Chief, Outreach and Inquiries Division of Visa Services in the Department of State, | |
| Department of State Executive Office of the Legal Adviser U.S. Department of State 600 19th Street, NW   Ste. 5600 Washington DC   20522 | |

Office of General Counsel
U.S. Department of Homeland Security 2707
Martin Luther King Jr. Ave., SE
Washington DC    20528-0485

Defendants.

## **INTRODUCTION**

1.   This action is brought by Plaintiffs to compel Defendants and those acting under them to take action on Plaintiff Sati Akram Sati Awad's non-immigrant visa application.

2.   Plaintiff Sati Akram Sati Awad is eligible to have his visa application adjudicated. Plaintiff Nora Jehad Suleiman is the fiancée and petitioner of Plaintiff Sati Akram Sati Awad. and she is a United States Citizen.

3.   As a U.S. Citizen, Plaintiff Nora Jehad Suleiman filed an I-129 Petition for Fiancee on behalf of her fiancée Sati Akram Awad Sati who is living in Ramallah, West Bank, Palestine. The I-129 Petition was duly approved and then transferred to the National Visa Center for further processing.  (**Exhibit A – I-797 Notice of Action, Approval Notice**).   Thereafter Plaintiffs Nora Jehad Suleiman and Sati Akram Sati Awad submitted a DS-160 applications to the National Visa Center and it was successfully received and processed.   (**Exhibit B – DS-160 confirmation of submission**).

4.   On July 12, 2020, Plaintiff Sati Akram Awad Sati paid a Visa Application Fee to the Defendant United States Department of State by way of the Bank of Palestine as the required fee for the visa interview.   (**Exhibit C- U.S. Visa Application Fee – Cash Payment Instructions and Cash Deposit Slip Receipt**).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 2

5.  On November 17, 2020, the National Visa Center completed its processing of the Plaintiffs' applications and documents and then transferred their case to the Defendant United States Embassy in Jerusalem, Israel to conduct the visa interview.  (**Exhibit D - Notification Letter**).

6.  Defendant United States Embassy in Jerusalem sent Plaintiff Sati Akram Awad Sati a notification that he was to appear for his visa interview that was scheduled to be held on January 8, 2021 at 8:45 AM. (**Exhibit E – Instructions for Visa Appointment**).

7.  On the date of the scheduled interview, Plaintiff Sati Akram Awad Sati attended the interview at the Defendant United States Embassy in Jerusalem, Israel and provided testimony and documents in support of his visa application.    At the conclusion of the interview, Plaintiff Sati Akram Awad Sati was not told that he had to return to provide additional testimony or submit additional documents, rather, the visa interview was successfully concluded.

8.  On February 21, 2021, Defendant United States Embassy in Jerusalem, Israel sent Plaintiff Nora Jehad Suleiman and Plaintiff a notice stating that his case was undergoing administrative proceeding and that process could take 4 months but in some cases could take longer.  (**Exhibit F – February 12, 2021 letter to Plaintiffs**).

9.  Since Plaintiffs received the February 12, 2021 letter, neither of them has received any further communications from Defendant United States Embassy in Jerusalem about when the non-immigrant visa will be issued.   Therefore, Plaintiffs have no way of knowing how much longer the adjudication process will take to be completed.

10. Defendants have violated the Administrative Procedures Act ("APA") by failing to process and issue a final decision on Plaintiff Sati Akram Awad Sati's non-immigrant visa application which has been undergoing administrative processing with no foreseeable end in sight. Plaintiffs seek to compel Defendants, through a writ of mandamus, to either grant or deny Plaintiffs' pending non-immigrant visa applications.

## PARTIES

11. Plaintiff NORA JEHAD SULEIMAN submitted an I-129 Petition for Alien Fiancee on behalf of her fiancée which was thereafter duly approved.

12. Plaintiff SATI AKRAM SATI AWAD is the fiancee of Plaintiff NORA JEHAD SULEIMAN and is the beneficiary of her approved I-129 Petition for Alien Fiancee.

13. Defendant UNITED STATES DEPARTMENT OF STATE (hereinafter "State Department") is an agency of the United States government involved in the acts challenged, employs the officers named as defendants, and includes the U.S. Embassy in Jerusalem, its Charge d' Affaires, and officers named as defendants in this complaint.

14. Defendant ANTONY J. BLINKEN. (hereinafter "Secretary Blinken") is sued in his official capacity as the Secretary of State, as the head of the Department of State, as he is charged with the administration and the enforcement of immigration and nationality laws relating to the powers, duties, and functions of diplomatic and consular officers of the United States.

15. Defendant IAN G. BROWNLEE (hereinafter "Assistant Secretary Brownlee") is sued in his official capacity as the Assistant Secretary of State for Consular Affairs, as he is charged with oversight of all consular, including visa, matters.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 4

16. Defendant WENDY RUTH SHERMAN (hereinafter "Deputy Secretary Sherman") is sued in her official capacity as the Deputy Secretary of State, as she is charged with acting as deputy to the Secretary of State, which deals with the enforcement of immigration and nationality laws, which includes duties and functions of diplomatic and consular officers of the United States.

17. Defendant CATHERINE BARRY (hereinafter "Senior Advisor at U.S. Department of State") is sued in her official capacity as the Senior Advisor of the U.S. Department of State, as she is charged with all matters relating to visas and the administration of visa-related laws.

18. Defendant MICHAEL RATNEY (hereinafter "Charge D' Affaires Ratney") is the Charge d' Affaires of the U.S. Embassy in Jerusalem, Israel. This suit is brought against Charge D' Affaires Ratney in his official capacity, as he is charged with matters relating to the consular affairs in the U.S. Embassy in Jerusalem, Israel.

19. Defendant UNITED STATES EMBASSY IN JERUSALEM, ISRAEL is a mission within Defendant Department of State and is involved in the acts challenged in this action. The United States Embassy in Jerusalem, Israel is responsible for processing Plaintiffs' visa applications.

20. Defendant CHRISTINE PARKER (hereinafter "Chief Parker") is the Chief of Outreach and Inquiries in the Visa Division of Visa Services in the Department of State. This suit is brought against Chief Parker in her official capacity, as she is charged with all matters relating to inquiries in the Visa Division.

**JURISDICTION**

21. The Administrative Procedure Act recognizes a right of judicial review for any person "suffering legal wrong because of an agency action or aggrieved or adversely affected by such action within the meaning of any relevant statutes." 5 U.S.C. § 702. Plaintiffs suffered a legal wrong and continue to suffer because of the Defendants' failure to act upon the pending immigrant visa application for indefinite periods of time.

22. This Court has jurisdiction over the present action pursuant to 8 C.F.R. § 204, Immigration & Nationality Act §203 (b)(1)(C); 28 U.S.C. § 1131; 28 U.S.C. §1361, the Mandamus Act; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §701-706, the Administrative Procedures Act. Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412(d), et seq. Relief is requested pursuant to said statutes.

**VENUE**

23.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), which provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or under the color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which the defendant in the action resides. Because the Defendants are in the District of Columbia, including the United States Department of State and its employees, venue is proper in this Court.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 6

## EXHAUSTION OF REMEDIES

24. Plaintiffs have no administrative remedies.  Plaintiffs have made several inquiries to the Defendant U.S. Embassy in Jerusalem since the interview on January 8, 2021, to no avail.  There are no administrative remedies for neglect of duty.

## CAUSE OF ACTION

25.  Plaintiff Nora Jehad Suleriman submitted an I-129 Petition for Alien Finacee for her fiancée Plaintiff Sati Akram Sati Awad to the United States Citizenship and Immigration Service.   The I-129 Petition for Alien Fiancee was duly approved and thereafter Plaintiff Sati Akram Sati Awad was scheduled for his consular interviews on January 8, 2021 at the Defendant US Embassy in Jerusalem, Israel.

26.  Plaintiff Sati Akram Sati Awad attended his scheduled interview at the Embassy and the interview was concluded.  At the conclusion of the interview, Plaintiff Sati Akram Sati Awad was notified the interview was concluded and he would not have to return back to provide additional testimony nor additional documents.

27.  Approximately a month after the consular interview, Plaintiffs received a letter from Defendant United States Embassy in Jerusalem, Israel notifying them that the non-immigrant visa case was undergoing administrative processing which was expected to take 4 months to complete.   In this case, it has been 20 months since the consular interview took place and there is still no indication of how much longer the Plaintiffs will have to wait until the case has been fully adjudicated.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 7

28.   Defendant U.S. Embassy in Jerusalem has a duty to adjudicate visa applications in a timely manner once it has received all necessary documents and information relating to the visa applicant.   In this case,  Plaintiffs have completed all the tasks that were asked of them by the Defendant United States Embassy in Jerusalem, Israel and the adjudication of his non-immigrant visa has still not been completed.

29. Under 28 U.S.C. § 1361, the district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

30. Under the Administrative Procedures Act, a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

31.  Administrative processing, according to the Department of State website, takes around 60 days.  In this case, it has been more than 20 months since the interview date.

32. The issuance or denial of visas is the responsibility of the consular officers and was conferred by the Immigration and Nationality Act of 1952. *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986); 8 U.S.C. § 1201(a)(1)(2004); 8 U.S.C. §§ 1101(a)(9), (16) (2004).  The INA which governs visa processing "confers upon consular officers exclusive authority to review applications for visas." *Saavedra Bruno v. Albright,* 197 F.3d 1153, 1156 (D.C. Cir. 1999); INA § 201(b)(2)(A)(i).

33. No judicial or administrative review is available for a consular officer's decision to issue or deny a visa as this has been held to be a discretionary duty. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997); *Li Hing of Hong Kong, Inc.,* 800 F.2d at 971.

34. The Court in *Patel* established that the non-reviewability doctrine is inapplicable when a consular officer fails to follow his or her discretionary duties, and that failure to make a decision to issue or deny a visa is such a non-discretionary duty. *See Patel,* 134 F.3d at 931. The APA is to seek redress for unreasonable delays. Courts use factors to determine the unreasonable delays. *Telecommunications Research and Action Center v. FCC,* 750 F.2d 70 (D.C. Cir. 1984). The Court considers whether the time an agency takes to render a decision is governed by rule of law, where Congress has provided a time table, delays in the realm of economic regulation are less tolerable when human health and welfare are at stake, consideration of the effect of expediting delayed action on agency actions of higher or competing priority, nature and extent of interests prejudiced by delay, and the impropriety of agency lassitude is not required to find that the agency action has been unreasonably delayed. *Id.*

35. Per 22 C.F.R. § 42.81(a), action on a visa application by the consular officer is mandatory. The consular officer must either issue or refuse the visa. Under the State Department's Foreign Affairs Manual, Section 237 of Public Law 106-113 and subsequent legislation requires that the Department establish a policy under which immediate relative (and fiancé(e)) visas be processed within 30 days of receipt of the necessary information from the applicant and the Department of Homeland Security (DHS); all other family-based immigrant

visas (IV) must be processed within 60 days.  The Department expects all posts to strive to meet the 30/60-day requirements." *See 9 FAM 504.7-2.*

## **CLAIM FOR RELIEF**

36. Plaintiffs' claim in this action is clear and certain.  Plaintiffs reallege paragraphs 1 through 35, and, as if fully set forth, Plaintiffs are entitled to an order in the nature of mandamus to compel Defendants to complete administrative processing and issue the non-immigrant visas for Plaintiff Satia Akram Sati Awad.

37. As a result of Defendants' failure to perform their duties, Plaintiffs have suffered, are suffering, and will continue to suffer irreparable harm.  Specifically:  Plaintiff Satia Akram Sati Awad has been prevented from seeking the safety and shelter of living in the United States with his fiancée Plaintiff Nora Jehad Suleiman.   The prolonged separation of Plaintiffs' family is causing needless suffering and there is no indication of when it will end.   Plaintiffs' lives are completely in the hands of the Defendants during this interminable pendency of their applications for a non-immigrant visas.

38. In failing to act on these immigrant visa applications, Defendants are acting directly in contradiction of the congressional intent, to promote family unity, for relatives of U.S. citizens and lawful permanent residents.

39. The Defendants, in violation of the Administrative Procedures Act and 22 C.F.R. 42.81(a), are unlawfully withholding or unreasonably delaying action on Plaintiff Satia Akram Sati Awad non-immigrant visa application and have failed to carry out the non-discretionary adjudicative functions delegated to them by law with regard to Plaintiffs' case.

40. The duty of the Defendants is non-discretionary, ministerial, and so plainly described as to be free from doubt that mandamus is appropriate.

41. Plaintiffs Satia Akram Sati Awad has made several attempts to learn about the status of his pending non-immigrant visa applications, all to no avail. Only consular officers are able to make decisions on visa issuance or denial, leaving no adequate remedy. Accordingly, Plaintiffs have been forced to pursue the instant action.

## **PRAYER**

42. WHEREFORE, in view of the arguments and authorities noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court:

    a.  Accept jurisdiction and maintain continuing jurisdiction of this action;

    b.  Declare as unlawful the violation by Defendants of failing to act on an approved relative petition, and properly filed visa applications;

    c.  Declare Defendants' failure to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 U.S.C. § 706(1);

    d.  Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling the Defendants to take action on Plaintiff Sati Akram Sati Awad's non-immigrant visa application, to notify him whether the pending visa application has been granted or denied, and if granted, of the procedures to be followed for the receipt of his visa;

e.   Issue a writ in the nature of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C.
§ 706(1), compelling the Defendants to take action on Plaintiff Sati Akram Sati
Awad's non-immigrant visa application by either approving or refusing said
applications, and if the applications are refused, that the decision include
justification to preclude the sense of retaliation for having brought this lawsuit or
having exposed the Defendants' neglect;

f.   Grant attorney's fees and costs of this suit under the Equal Access to Justice Act,
28 U.S.C. § 2412;

g.   Grant such other relief at law and in equity as justice may require.


Dated this August 29, 2022                    Respectfully Submitted,

                                              /s/ Lewis Jubran

                                              Lewis Jubran, Esq.
                                              Counsel for Plaintiffs

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF
IMMIGRATION MANDAMUS - 12

# LIST OF EXHIBITS TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS

## SULEIMAN v. UNITED STATES DEPARTMENT OF STATE, et al.

| Exhibit | Description | Page |
|---------|-------------|------|
| A | I-797 Notice of Action – Approval Notice | 1 |
| B | DS-160 Online Visa Application Confirmation | 2 |
| C | US Visa Application Fee Cash Payment Instructions and Cash Deposit Slip | 3-4 |
| D | Notification Letter dated November 17, 2020 | 5 |
| E | Instructions for Visa Appointment Letter | 6-7 |
| F | Letter from Defendant United States Embassy in Jerusalem, Israel re Administrative Processing | 8-9 |

**EXHIBIT A**

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

---

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| | | |
|---|---|---|
| **NOTICE TYPE** Receipt | | **NOTICE DATE** November 22, 2019 |
| **CASE TYPE** I-129F, Petition for Alien Fiance(e) | | **USCIS ALIEN NUMBER** |
| **RECEIPT NUMBER** WAC2090026948 | **RECEIVED DATE** November 19, 2019 | **PAGE** 1 of 1 |
| | | **DATE OF BIRTH** July 22, 2001 |

NORA J. SULEIMAN
C/O NORA JEHAD SULEIMAN
5926 W 87TH PLACE
OAK LAWN, IL 60453

3  00001128

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $535.00 |
| Biometrics Fee: | $0.00 |
| Total Amount Received: | $535.00 |
| Total Balance Due: | $0.00 |

**APPLICANT/PETITIONER NAME AND MAILING ADDRESS**

The I-129F, Petition for Alien Fiance(e) has been received by our office for the following beneficiaries and is in process:

| Name | Date of Birth | Country of Birth | Class (If Applicable) |
|---|---|---|---|
| SATI AWAD, SATI | 11/16/1994 | UNKNOWN | |

Please verify your personal information listed above and immediately notify the USCIS Contact Center if there are any changes.

Please note that if a priority date is printed on this notice, the priority does not reflect earlier retained priority dates.

If you have questions, please visit the USCIS Contact Center at www.uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

If you have any questions or comments regarding this notice or the status of your case, please contact the USCIS Contact Center.

You will be notified separately about any other case you may have filed.



click on tools + ask about your case

---

**USCIS Office Address:**
USCIS
California Service Center
P.O. Box 30111
Laguna Niguel, CA 92607-0111

**USCIS Contact Center Number:**
(800)375-5283
APPLICANT COPY

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.     Form I-797C 04/01/19

**EXHIBIT B**

12/9/2020 



Nonimmigrant Visa - Confirmation Page

# U.S. DEPARTMENT of STATE
## CONSULAR ELECTRONIC APPLICATION CENTER

Online Nonimmigrant Visa Application (DS-160)

## Confirmation

This confirms the submission of the Nonimmigrant visa application for:



| | |
|---|---|
| Name Provided: | AWAD, SATI |
| Date Of Birth: | 16 NOV 1994 |
| Place of Birth: | RAMALLAH, WEST BANK |
| Gender: | Male |
| Country/Region of Origin (Nationality): | PALESTINIAN AUTHORITY |
| Passport Number: | 5084915 |
| Purpose of Travel: | FIANCE(E) OF A U.S. CITIZEN (K1) |
| Completed On: | 09 DEC 2020 |
| Confirmation No: | **AA009VNIXB** |

Location Selected:

JRS
**U.S. Embassy Jerusalem
14 David Flusser
(Near former Diplomat Hotel)**

Version 01.08.04

### THIS IS NOT A VISA

Notes: Electronically submitting your DS-160 online application is the FIRST STEP in the visa application process. The next step is to review the Internet page of the embassy or consulate where you plan to apply for your visa. Most visa applicants will need to schedule a visa interview, though some applicants may qualify for visa renewal. The embassy or consulate information may include specific local instructions about scheduling interviews, submitting your visa application, and other frequently asked questions.

YOU MUST BRING the confirmation page and the following document(s) with you at all steps during the application process:
Passport, Evidence of approved I-129F.

You may also provide any additional documents you feel will support your case.



ceac.state.gov/GenNIV/General/ESign/Complete...

**EXHIBIT C**

# U.S. Visa Application Fee (MRV)
# Cash Payment Instructions



This payment method only supports cash payments at a local branch of Bank of Palestine. Failure to follow these instructions will result in delays to your United States visa application. Print a copy of these instructions and bring the payment instructions with you to the bank branch.

## Bank Cash Payment Instructions

1. You must pay this visa fee on or before 2020-12-11. If you have missed this date, you must sign into our system and generate a new version of this instruction page.

2. You must pay exactly 954.00 ILS.

3. Do not use this payment slip to pay the amount indicated more than once.

4. Your Payment Identification Number (PIN) is 7782950220.

5. Make a bank deposit using the following information

| | |
|---|---|
| **Payment Identification Number (PIN):** | 7782950220 |
| **Amount** | 954.00 ILS |
| **Account Number** | 3530/14063/99/499 |

6. Save a copy of your bank funds transfer confirmation in case the submission on your application fails.

7. Before you leave the bank, ensure that the PIN on the receipt provided by the bank matches the PIN on this payment instructions.

You will receive an automated email once your funds are confirmed in our account. This can take up to two business days.

CSRA collects Visa Fees on behalf of U.S. Department of State. This visa application fee is valid for one year from the payment date and may be used for U.S. visa applications in Tel Aviv and Jerusalem only. MRV fee payments are non-refundable and non-transferable.

If you encounter any problems with your payment or have not received a confirmation email after 3 business days, please notify CSRA at: https://ais.usvisa-info.com/en-il/niv/information/contact_us.



BANK OF PALESTINE — Al-Bira Branch

CASH DEPOSIT SLIP

| TELLER NO | : 1781 |
| TIME | : 12:55:00 |
| TRA. SEQ1 | : 1518 |
| DOCUMENT NUMBER | : 7782950220. |
| BBAN/IBAN : | : PS70 PALS 0499 0014 0630 9935 3000 0 |
| REFERENCE A/C | : 0499/0014063/099/3530/000 |
| CUSTOMER NAME | : Citibank NA -London MRV coll. |

| TRANSACTION DATE | : 07/12/2020 |
| VALUE DATE | : 07/12/2020 |
| INTEREST DATE | : 07/12/2020 |

| DEPOSITOR NAME | : |
| ID TYPE | : |
| ID NUMBER | : |
| NATIONALITY | : |
| TELEPHONE NUMBER | : |
| SOURCE OF FUND | : |
| TRANSACTION AMOUNT | : ***********954.00    ILS |
| COMMISSION AMOUNT | : ***********0.00    ILS |
| VAT AMOUNT | : ***********0.00    ILS |
| NET AMOUNT | : ***********954.00    ILS |

SUM OF         : Nine Hundred Fifty Four Israeli Shekel   ONLY

REMARKS         : 7782950220

EMPLOYEE SIGN                    CUSTOMER SIGN.

OF    BANK OF PALESTINE P.L.C

475
89
89

بنك فلسطين م ع
البيرة

- 7 -12- 2020

مقبوض 2

1960 ام

**EXHIBIT D**





SATI AKRAM SATI AWAD
5926 W 87TH PLACE
OAK LAWN  IL  60453

**K1-FTP**

17-NOV-2020

Dear SATI AKRAM SATI AWAD,

The National Visa Center (NVC) received your fiancé (e)'s/spouse's approved I-129F petition from U.S. Citizenship and Immigration Services (USCIS). NVC will now forward the petition to the U.S. Embassy or Consulate in Jerusalem, Jerusalem. Please note that the transfer process can take several weeks. The U.S. Embassy or Consulate will contact your fiancé (e)/spouse when they are ready to process his or her petition.

**Next steps:**
Go to our website **http://nvc.state.gov/k1** to learn how to apply for a K visa and prepare for the visa interview.

Please keep the following information for your records:

Case Number:            JRS2020683005
USCIS Receipt Number    WAC2090026948
Principal Applicant:    SATI AKRAM SATI AWAD
Petitioner:             NORA JEHAD SULEIMAN
Interview Location:     Jerusalem, Jerusalem
Post Address:

                        U.S. Embassy
                        14 David Flusser St
                        Jerusalem 9378322

Thank you for your patience in the immigrant visa process.

Sincerely,

**National Visa Center**
U.S. Department of State

K_FTP_20180124 IVIS                 SENSITIVE BUT UNCLASSIFIED

**EXHIBIT E**

You have successfully registered on this website and paid the K Visa application fee. Here are the details of your transaction.

You must print this instruction page and bring it with you, along with the appointment letter/email, to the Consular interview. You must attend your consular interview at the date and time assigned to you in your appointment letter/email.

For additional information on the immigrant visa process and required documents, please refer to your appointment letter/email or visit the Consular Section Website at https://ais.usvisa-info.com/en-il/iv/information/iv_overview (https://ais.usvisa-info.com/en-il/iv/information/iv_overview).

# Applicants

Applicant Name: SATI AWAD

Passport Number: 5084915

Case Number: JRS2020683005

PIN: 7782950220

Payment Method: Pay by Cash (Bank of Palestine)

Amount Paid: 954.00 ILS

Transaction Date: 7 December, 2020

Consular Interview Date: 8 January, 2021, 08:45 Jerusalem local time

Consular Section Location: Jerusalem

Consular Section Address: Consular Section U.S. Embassy 14 David Flusser, Jerusalem, 9378322

# Courier Selection details

Courier: Wassel

Branch name: WASSEL - Ramallah Station 2

Address: EDWARD SAID STREET 1 Near PLC Circle The Castle Building Ground Floor, Ramallah, Palestinian Authority

You only have until 8 January, 2021, 06:00 local time to change the location where your visa documents will be delivered. After the time indicated above, the option to change the courier location will be deactivated from your account and at this point no courier changes will be allowed.

Please gather the documents below for each applicant listed on this page and bring them to the consular interview.

# General Required Documents - For All Visa Types

The following documents are required for all visa types:

1. Current Passport valid for travel to the United States. The passport must be valid for at least six months beyond the period of stay in the United States (unless exempt by country-specific agreements (https://www.cbp.gov/document/bulletins/six-month-club-update).)

# Instructions

**YOU MUST SUBMIT** the confirmation page with a clear and legible barcode at the time of your interview. If you do not have access to a printer at this time, select the option to email your confirmation page to an email address. You may print or email your application for your own records. **YOU DO NOT** need to submit the application at the time of the interview.

Please note that you will be required to provide proof that you have paid the visa application fee and any other fees associated with your application. There may be other fees associated with the visa application process. Please check your country's Reciprocity Schedule for any other fees you may owe.

If you have further questions, or to find out how to contact the Consular Post, please go to https://jru.usconsulate.gov/visas/ or http://travel.state.gov.

NOTE: Unless exempt from an interview, you will be required to sign your application by providing a biometric signature, i.e. your fingerprint before a consular officer. By providing this biometric signature you are certifying under penalty of perjury that you have read and understood the questions in your nonimmigrant visa application and that all statements that appear in your nonimmigrant visa application have been made by you and are true and complete to the best of your knowledge and belief. Furthermore at the time of your interview, you will be required to certify under penalty of perjury that all statements in your application and those made during your interview are true and compete to the best of your knowledge and belief.

You electronically signed your application on 09-Dec-2020 04:20:37 (GMT-05:00). You were required to electronically sign your application yourself, unless otherwise exempt by regulation, even if the application was prepared by someone other than yourself. Your electronic signature certifies that you have read and understood the questions in this application and that your answers are true and correct to the best of your knowledge and belief. The submission of an application containing any false or misleading statements may result in the permanent refusal of a visa or the denial of entry into the United States. All declarations made in this application are unsworn declarations made under penalty of perjury. (28 U.S.C. 1746).

You certified that you understand that you are required to submit your visa to the United States Immigration Officer at the port where you apply to enter the United States, and that possession of the visa does not entitle you to enter the United States if, upon your arrival, you are found to be inadmissible under U.S. immigration laws. You further understand that your adjustment of status to legal permanent resident is dependent upon marriage to a U.S. citizen and upon meeting all of the requirements of the U.S. Department of Homeland Security. You certified that you understand that any willfully false or misleading statement or willful concealment of a material fact made by you within the application may subject you to permanent exclusion from the United States and, if you are admitted to the United States, may subject you to criminal prosecution and/or deportation. You certified that you are legally free to marry, and that you intend to marry the U.S. citizen who sponsored your petition within 90 days of your admission into the United States.

The information that you have provided in your application and other information submitted with your application may be accessible to other government agencies having statutory or other lawful authority to use such information, including for law enforcement and immigration law enforcement purposes. If fingerprints are collected as part of your application process, they may be used for the purpose of comparing them to other fingerprints in the FBI's Next Generation Identification (NGI) fingerprint system or its successor systems (including civil, criminal, and latent fingerprint repositories). The photograph that you provide with your application may be used for employment verification or other U.S. law purposes.

7

**EXHIBIT F**

U.S. EMBASSY JERUSALEM
P.O.BOX 290
Jerusalem 9100201
Jerusalemivinquiries@state.gov

Date: 12 FEB 2021

**SATI A S AWAD**
**5926 W 87TH PLACE**

**OAK LAWN        IL60453**
**UNITED STATES OF AMERICA**
Case Number: JRS2020683005

Dear AWAD, SATI A S:

This office regrets to inform you that your visa application is refused because you have been found ineligible to receive a visa under the following section(s) of the Immigration and Nationality Act (INA). The information contained in the paragraphs marked with "X" pertains to your visa application. Please disregard the unmarked paragraphs.

**/ X/ Section 221(g):  You must submit the following documents:**

/ / New DS-260, new oath and new visa fee

**Civil Documents**
/ / Birth Certificate for petitioner / beneficiary / other:
/ / Marriage Certificate petitioner / beneficiary / other:
/ / Divorce Certificate petitioner / beneficiary / other:
/ / Evidence of Name Change petitioner / beneficiary / other:

**Police Records**
/ / Israeli Criminal Information Certificate
/ / Palestinian Non-Conviction Certificate
/ / Foreign Police Certificate from:
/ / Release or exemption from the army
/ / Court records, translated into English

**Medical Report**
/ / Medical examination report

**Financial Records**
/ / Signed I-864 form from petitioner / joint sponsor
/ / Most recent tax returns from petitioner / joint sponsor
/ / Signed Letter from petitioner explaining why they have not filed U.S. taxes.

**Passport/Previous Visa**
/ / Previous passport with valid NIV visa

/ / / Passport:

/X/ Other: DS-5535

**/ X/ Section 221(g):  Your case requires further administrative processing, which typically takes at least 4 months to complete, but in some case can take significantly longer.**

**/ / Section 212(a) of INA:**

> / / 212(a)(9)(B)(i)(I) which prohibits the issuance of a visa to anyone who has been unlawfully present in the United States for a period of more than 180 days but less than one year.

> / / 212(a)(9)(B)(i)(II) which prohibits the issuance of a visa to anyone who has been unlawfully present in the United States for a period of one year or more.

> / / 212(a)(2)(A)(i)(I) which prohibits the issuance of a visa to anyone who has committed a crime involving moral turpitude.

> / / Section 212(a)(4) which prohibits the issuance of a visa to anyone likely to become a public charge.

> / / Section 212(a)(6)(C)(i) which prohibits the issuance of a visa to anyone who has willfully misrepresented a material fact to a U.S. immigration official.

> / / Section 212(a)(3)(B) which prohibits the issuance of a visa to anyone who has engaged in certain terrorist activities.

**Waiver (when applicable)**

> / / You are eligible to seek a waiver of the grounds of ineligibility.  Please see the attached information sheet.

> / / No waiver is available for the grounds of ineligibility.

**\*\*\*FINANCIAL SPONSORSHIP RESPONSIBILITIES:  Financial sponsors, joint sponsors, and applicants should be aware of the responsibilities arising from a sponsor signing an I-864 and the consequences of a sponsored immigrant's acceptance of federal means-tested public benefits.  For more information visit: https://travel.state.gov/i-864.**

Sincerely,

Immigrant Visa Unit
U.S. Embassy Jerusalem

Case Number: JRS2020683005
Name (P)  : AWAD, SATI A S